UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLLIE SHANNON,

       Plaintiff,                             CIVIL ACTION NO. 08-11281

       v.                                    DISTRICT JUDGE DAVID M. LAWSON

EXPERIAN CREDIT CO.[1],             MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

This matter is before the court on defendant's motion to dismiss (D/E #2) and plaintiff's response to defendant's motion to dismiss (D/E #5) in this civil action removed from state court. Defendant has also filed a reply brief (D/E #6). For the reasons set forth below, it is recommended that defendant's motion be **GRANTED**. Plaintiff's claim under the Fair Credit Reporting Act should be dismissed with prejudice and plaintiff's complaint should be remanded to state court for resolution of any non-preempted state law claims.

---

[1] While defendant states in its motion to dismiss that it is incorrectly identified in the complaint, there has been no formal motion to amend the caption and this report and recommendation will use defendant's name as found in the complaint.

- 1 -

**II. Background**

On February 29, 2008, plaintiff filed a *pro se* action against defendant in Michigan state court. (Summons and Complaint, attached as Exhibit 1 to Defendant's Notice of Removal) In that complaint, plaintiff alleged that, in February of 2005, defendant improperly placed a judgment against plaintiff's brother in plaintiff's credit report. In October of 2005, plaintiff disputed the judgment over the phone in addition to sending defendant a copy of the judgment against plaintiff's brother. Defendant ignored plaintiff's request to remove the judgment for over two years. On February 14, 2008, plaintiff's attorney disputed the judgment online. On February 21, 2008, plaintiff again contacted defendant over the phone, where one of defendant's employees apologized to her and agreed to delete the judgment in thirty to forty days. Plaintiff, who has been forced to pay higher interest rates on loans because of the bad credit report, requests $25,000 in damages.

On March 25, 2008, defendant removed this action to this court (D/E #1). In the notice of removal, defendant asserted that plaintiff's action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA) and, therefore, this Court has jurisdiction under 28 U.S.C. §1331 without regard to the amount in controversy.

On March 26, 2008, defendant filed a motion to dismiss (D/E #2). In that motion, defendant argues that plaintiff's FCRA claim is barred by the applicable statute of limitations found at 15 U.S.C. § 1681p.

On April 28, 2008, plaintiff filed a response to defendant's motion to dismiss (D/E #5). In that response, plaintiff argues that he is a victim of the FCRA and that defendant has wronged

him by neglecting to remove the judgment from plaintiff's credit report. Plaintiff also argues that this case would likely have a different outcome in state court. Plaintiff further argues that he knew nothing of the statute of limitations applicable to FCRA claims and that defendant should be held accountable for its wrongful actions.

On May 2, 2008, defendant filed a reply to plaintiff's response (D/E #6). In that reply, defendant noted that there is no exception to the two-year limitations period and plaintiff has made no argument that 15 U.S.C. §1681p is the wrong statute or that Plaintiff's claim was, in fact, timely.

### III. Standard of Review

Defendants move to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). Under the traditional rule, when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008), quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995).

However, the Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

**IV. Discussion**

**A. FCRA Claims(s)**

Plaintiff did not expressly allege a claim under the FCRA in his complaint, but he did acknowledge making such a claim in his response to the motion to dismiss and he should be seen as having made such a claim. Since plaintiff proceeds *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney" and are liberally construed in his favor. See Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 231 (6th Cir. 2006) (internal quotation marks omitted); Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004). In this case, plaintiff alleged that defendant improperly placed a judgment in plaintiff's credit report and refused to

remove it once plaintiff disputed the report. Such allegations can constitute claims under the FCRA. For instance, the FCRA both provides procedures for cases of disputed accuracy, 15 U.S.C. § 1681i, and civil liability for noncompliance with FCRA provisions, 15 U.S.C. §§ 1681n, 1681o.

However, even if plaintiff did state claims under the FCRA, such claims would be barred under the applicable statute of limitations. 15 U.S.C. § 1681p. 15 U.S.C. § 1681p provides:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

In this case, plaintiff discovered the presence of judgment in her credit report in February 2005 and she learned that defendant refused to change the report in October 2005. (Summons and Complaint, attached as Exhibit 1 to Defendant's Notice of Removal) Given those dates, the latest she would have to bring a FCRA claim would be sometime in October 2007, or two years after the date of discovery of the violation that provides the basis for liability. However, as noted above, plaintiff did not file this action until February 29, 2008. (Summons and Complaint, attached as Exhibit 1 to Defendant's Notice of Removal) Consequently, any FCRA claim plaintiff's makes is barred by the applicable statute of limitations and must be dismissed.

**B. Remand**

Defendant's sole basis for removing this action was plaintiff's FCRA claim and, if that claim is dismissed, this action should be remanded to state court. A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Musson Theatrical v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996).

In this case, it is unclear if plaintiff makes any claims under state law. However, in light of the liberal construction afforded *pro se* complaints, Fazzini, 473 F.3d at 231; Martin, 391 F.3d at 712, it is possible that he did so. Moreover, with some exceptions, the FCRA does not preempt actions under state law so long as those laws are consistent with the provisions of the FCRA. 15 U.S.C. § 1681t. Consequently, this case should be remanded to state court for resolution of any non-preempted state law claims.

**V. Conclusion**

For the reasons stated above, the court recommends that defendant's motion to dismiss be **GRANTED**. Plaintiff's claim under the Fair Credit Reporting Act should be dismissed with prejudice and plaintiff's complaint should be remanded to state court for resolution of any non-preempted state law claims.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: May 28, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 28, 2008.

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan